UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. AARON HAYNES, Chief Medical Official; KAYLA TINKER, Medical Trainer/Supervisor; KELLIE WASKO, Secretary of the Dept. of Corrections; SGT LEONARD MOORE, Officer In Charge; OFFICER JACOB HALEY, Corrections Officer; OFFICER ELEHRST, Corrections Officer; OFFICER BRADLEY VANBLARICOM, Corrections Officer; OFFICER KOCOUREK, Corrections Officer; CHIEF WARDEN TERESA BITTINGER, Chief Warden; UNIT COORDINATOR ROBINSON, Unit Coordinator; CHEF TANYA, of Aramark; ARAMARK CO.; UNIT COORDINATOR ANGELA PECHOUS; HEALTH SERVICE STAFF MEMBER ALEXIS; MELISSA MATURAN, ADA Coordinator/Corrections Specialist; ASSOCIATE WARDEN RICK JOHNSTON, Associate Warden of the State of South Dakota Department of Corrections; SGT. JAKE ROHWER, Correctional Officer of the State of South Dakota Department of Corrections; UNIT MANAGER DAREK EKEREN, Unit Manager of the South Dakota Department of Corrections; UNIT MANAGER TROY ELLIS, Unit Manager of the South Dakota Department of Corrections; UNIT MANAGER CODY HANSON, Unit Manager of the South Dakota Department of Corrections; JEANNIE BERTSCH, Prison Official of the South Dakota Department of Corrections; UNIT COORDINATOR NICOLE MAYER, Unit Coordinator at the Department of Corrections; | 4:23-CV-04115-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ASSISTANCE WITH SERVICE |

| | |
|---|---|
| RYAN LANDON, Medical Supervisor/Leadership; CLINICIAN DIRECT RESPONSIBLE; JOHN DOE/JANE DOE, Health Service Staff Directly Responsible at the South Dakota Department of Corrections; NURSE SARAH, Health Service Nurse of the State of South Dakota Department of Corrections; JOHN DOE, Aramark Food Service Company Chief Supervisors; and LINDA, Of Aramark<br><br>Defendants. | |

Plaintiff La'Shane Donyale Scott, an inmate at Mike Durfee State Prison, filed a pro see civil rights under 42 U.S.C. § 1983. Doc. 1. Scott filed an amended complaint, Doc. 20, which this Court screened in accordance with 28 U.S.C. § 1915A. Doc. 27. In the 1915A Screening Opinion and Order, this Court dismissed in part Scott's amended complaint and directed service on the defendants who remained after screening. Id. Scott has filed two "Briefs in Support of Motion for Assisted Service," Docs. 29, 40, and a "Motion for Assistance with Service," Doc. 50. For the reasons stated below, Scott's motion for assistance with service is granted in part and denied in part.

I.  **Standard for Directing Assistance with Service**

Courts in the District of South Dakota have entered orders to assist pro se inmates to perfect service on defendants who remained after the Court's 1915A screening when the plaintiff is able to demonstrate that he has diligently attempted to complete service but is unable to do because of logistical hurdles and Department of Corrections (DOC) policies that restrict an inmate's ability to gather personal information about DOC current and former employees. See Hicks v. Renner, 4:23-CV-04121-KES, Doc. 16 (D.S.D. Feb. 8, 2024); Christians v. Young, 4:20-CV-04083-LLP, 2023 WL 2687260, *13 (D.S.D. Mar. 29, 2023); Hughbanks v. Fluke, 4:21-CV-04167-KES, 2023

2

WL 1930334, at *1–2 (D.S.D. Feb. 10, 2023); Cody v. Clark, 4:22-CV-04010-KES, 2023 WL 112695, at *7 (D.S.D. Jan. 5, 2023) (citing Hansen v. S.D. Dep't of Corr., 4:19-CV-04019-KES, Docket 44 at 4)). As Scott notes, this Court has previously granted his request for assistance in serving current and former employees of the DOC in another case he has pending in the District of South Dakota. See Scott v. Carpenter, 4:23-CV-04020-RAL, Doc. 48 (D.S.D. Aug. 28, 2023).

**II.**     **Scott's Request for Assistance with Service**

According to Scott's motion for assistance with service, Doc. 50, seven defendants remain unserved: Nurse Alexis, Nurse Sarah, Directly Responsible Clinician, Unit Coordinator Robinson, Linda of Aramark, Chef Tanya of Aramark, and the Aramark Chief Supervisors.[1] Id. at 1.

**A.**     **Unit Coordinator Robinson**

The U.S. Marshals Service (USMS) was unable to serve Unit Coordinator Robinson because he no longer works for the DOC. Doc. 36 at 25. This Court orders counsel who has appeared on behalf of the served Defendants to provide the last known address for Unit Coordinator Robinson to the USMS for service by **June 14, 2024**. The Clerk of Court is directed to redact Unit Coordinator Robinson's address from the return of service before it is filed and to provide redacted copies to Scott. See, e.g., Allen v. Siddiqui, 2008 WL 2217363, at *1–2 (W.D. Ky. May 27, 2008) (recognizing that when the USMS is directed to effect service the court can have the agency that previously employed the defendant file his last known address under seal); Skinner v. Beemer, 2007 WL 2982419, at *1 (E.D. Mich. Oct. 11, 2007) ("Although the Court is disinclined to provide Defendant['s] . . . home address to the Plaintiff, it would be appropriate to direct [his former employer] to provide his last known address to the Court *in camera*, subject to

---

[1] In his amended complaint, Scott named Aramark Co. as a defendant, Doc. 20 at 1, and this Court directed service on Aramark, Doc. 27 at 64. Thus, the Court construes Scott's motion to seek assistance with serving Aramark Co. rather than the Aramark Chief Supervisors.

a protective order that it will not be provided to the Plaintiff himself."); Kowalski v. Stewart, 220 F.R.D. 599, 600 (D. Ariz. 2004) (stating that releasing a former correctional officer's personal information to an inmate would jeopardize his personal safety). The Court also requests that counsel for the served Defendants provide Unit Coordinator Robinson's first name when counsel provides his last known address to the USMS.

### B. Nurse Alexis and Nurse Sarah

The DOC would not accept service on behalf of Nurse Sarah and Nurse Alexis. Doc. 36 at 16–18, 22–24. Melissa Maturan, who accepted service on behalf of the DOC employees, does not know who Nurse Sarah and Nurse Alexis are. Doc. 48 at 4–6, 13–15. Scott seems to question the veracity of these statements, Doc. 50, but the DOC's motion for extension of time to answer establishes that if the DOC was able to identify a named defendant who is currently employed by the DOC, the DOC accepted service even if the defendant's name was misspelled or incomplete. See Doc. 43. Scott's motion for assistance with serving Nurse Alexis and Nurse Sarah is denied without prejudice. Once Scott can fully identify these defendants, he may renew his motion for assistance with service.

### C. Aramark Defendants

Scott requests that the Court direct the DOC to assist him in serving employees of Aramark and Aramark. The DOC has informed the USMS that the DOC is not authorized to accept service of process on behalf of Aramark. See Doc. 36 at 7–15; Doc. 48 at 1–3, 7–9, 16–18. Indeed, when Aramark or its employees are named as defendants in cases arising out of Aramark's contract with the DOC, the South Dakota Attorney General's Office does not represent Aramark. Rather, Aramark and its employees and the DOC and its employees have separate representation. Thus, Scott's motion for assistance with serving Aramark and its employees, Linda and Tanya, is denied.

4

    **D.**    **Health Services Direct Clinician**

The USMS was unable to serve "Direct Clinician, Health Services" because Melissa Maturan, who accepted service on behalf of the DOC, does not who this person is. Doc. 48 at 19–21. This Court construes Scott's motion for assistance with serving "Direct Clinician, Health Services," as a request for assistance in identifying an unknown defendant, which is denied. If Scott does not have means to identify the "Direct Clinician, Health Services" at this point of the proceedings, he may attempt to do so through discovery if and when the case reaches the stage at which discovery is permissible.

**III.**    **Scott's Request to Correct the Caption**

In his second brief requesting assistance with service, Scott notes that his initial pleadings misspelled the last name of two defendants. Doc. 40 at 1–2. Specifically, Scott has become aware that the correct spelling of the last name for defendant Officer Elehrs is Elehrst. Id. at 1–2. According to Scott, the correct spelling of the last name for defendant Officer Keroeska is Kocourek. Id. at 2. This Court previously granted Scott's motion to correct the spelling of defendant Officer Kerouska to Officer Kocourek. Doc. 38. This Court now grants Scott's motion to correct the spelling of defendant Officer Elehrs to Officer Elehrst. Further, the Court notes that when the defendants who have been served moved for an extension of time to answer, their motion informed the Court that some of the other defendants' names had been misspelled and provided the correct spelling and complete names for the defendants the DOC had identified. Docket 43. For the sake of clarity as this case proceeds, this Court has amended the caption to conform with the Court's orders granting Scott's motions to correct spelling of defendants' names and to correctly identify the defendants based on the information provided by the DOC in the defendants' motion for extension of time to answer, Doc. 43.

Accordingly, it is

ORDERED that Scott's motion for assistance with service, Doc. 50, is granted in part and denied in part. It is further

ORDERED that counsel who has appeared on behalf of the served Defendants, Doc. 42, must provide the full name and last known address for Unit Coordinator Robinson to the USMS by **June 14, 2024**. It is further

ORDERED that the USMS must insert Unit Coordinator Robinson's first name and last known address on the completed summons that the was reissued and delivered to the USMS on June 3, 2024. See Doc. 51. The USMS must then serve the completed summons, together with Docs. 1, 1-1, 1-2, 5, 6, 9, 11, 13, 14, 15, 18, 18-1, 19, 19-1, 20, 21, 21-1, 22, 22-1, 23, 23-1, 24, 24-1, 25, 26, and this order upon Defendant Robinson. The Clerk of Court is directed to deliver a copy of this order to the USMS. It is further

ORDERED that because Scott's motion for assistance with service was denied in part, it is **not** necessary for the USMS at this time to attempt to serve the other summonses that were reissued and delivered to the USMS on June 3, 2024. See Doc. 51. It is further

ORDERED that the Clerk of Court is directed to redact Defendant Robinson's last known address from the summons, return of service, and USM-285 form before they are filed and to provide redacted copies to Scott. Defendant Robinson's address must **not** appear in any publicly available filing or any filing or pleading provided to Scott. It is further

ORDERED that Unit Coordinator Robinson will serve and file an answer or responsive pleading to the complaint and amended complaint on or before 21 days following the date of service. It is finally

ORDERED that the caption is amended as provided in this Order to conform to the Court's Orders granting Scott's motions to correct spelling of Defendants' names and to correctly identify the Defendants based on the information provided by the DOC in the Defendants' motion for extension of time to answer, Doc. 43.

DATED June 4th, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE