UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. AARON HAYNES, Chief Medical Official;<br>KAYLA TINKER, Medical Trainer/Supervisor;<br>KELLIE WASKO, Secretary of the Dept. of<br>Corrections; SGT LEONARD MOORE, Officer<br>In Charge; OFFICER JACOB HALEY,<br>Corrections Officer; OFFICER ELEHRST,<br>Corrections Officer; OFFICER BRADLEY<br>VANBLARICOM, Corrections Officer;<br>OFFICER KOCOUREK, Corrections Officer;<br>CHIEF WARDEN TERESA BITTINGER,<br>Chief Warden; UNIT COORDINATOR<br>ROBINSON, Unit Coordinator; CHEF TANYA,<br>of Aramark; ARAMARK CO.; UNIT<br>COORDINATOR ANGELA PECHOUS;<br>HEALTH SERVICE STAFF MEMBER<br>ALEXIS; MELISSA MATURAN, ADA<br>Coordinator/Corrections Specialist;<br>ASSOCIATE WARDEN RICK<br>JOHNSTON, Associate Warden of the State of<br>South Dakota Department of Corrections; SGT.<br>JAKE ROHWER, Correctional Officer of the<br>State of South Dakota Department of<br>Corrections; UNIT MANAGER DAREK<br>EKEREN, Unit Manager of the South Dakota<br>Department of Corrections; UNIT MANAGER<br>TROY ELLIS, Unit Manager of the South<br>Dakota Department of Corrections; UNIT<br>MANAGER CODY HANSON, Unit Manager<br>of the South Dakota Department of<br>Corrections; JEANNIE BERTSCH, Prison Official of the<br>South Dakota Department of Corrections; UNIT<br>COORDINATOR NICOLE MAYER, Unit<br>Coordinator at the Department of Corrections; | 4:23-CV-04115-RAL<br><br><br>OPINION AND ORDER ON PLAINTIFF'S<br>MOTION FOR SCHEDULING ORDER,<br>MOTION TO AMEND CAPTION,<br>RENEWED MOTIONS FOR ASSISTANCE<br>WITH SERVICE AND RELATED<br>MOTIONS |

RYAN LANDON, Medical
Supervisor/Leadership; CLINICIAN DIRECT
RESPONSIBLE; JOHN DOE/JANE DOE,
Health Service Staff Directly Responsible at the
South Dakota Department of Corrections;
NURSE SARAH, Health Service Nurse of the
State of South Dakota Department of
Corrections; JOHN DOE, Aramark Food Service
Company Chief Supervisors; and LINDA, Of
Aramark,

                            Defendants.

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary

(SDSP), filed a pro se civil rights action under 42 U.S.C. § 1983.  Doc. 1.  Scott filed an amended

complaint, Doc. 20, which this Court screened in accordance with 28 U.S.C. § 1915A.  Doc. 27.

In the 1915A Screening Opinion and Order, this Court dismissed in part Scott's amended

complaint and directed service on the defendants who remained after screening.  Id.  Scott has filed

various motions, including a motion for scheduling order and pretrial conference, a motion to

amend the caption, and renewed motions for assistance with service.  Docs. 56, 58, 62, 63, 64.

Two of Scott's motions include "supplements" in support of his complaint.  Docs. 56, 62.  The

Court now considers these motions.

## I.      Motion for a Rule 16 Scheduling Order and Pretrial Conference (Docs. 56, 64)

Scott seeks entry of a scheduling order and setting of a pretrial conference pursuant to

Federal Rule of Civil Procedure 16(c).  Docs. 56, 64.  Scott also requests that this Court order the

parties to confer about a discovery schedule and plan.  Doc. 64.  This Court does not typically

conduct scheduling hearings, and this case is exempt from the discovery planning conference

required by Federal Rule of Civil Procedure 26(f).  See D.S.D. Civ. LR 16.1, 26.2.  Most, but not

all the defendants, have been served, and the defendants who have been served have responded to

Scott's amended complaint. Docs. 55, 60. Although some defendants have not been served, Scott contends that he lacks access to necessary information to permit him to complete service on the remaining defendants and seeks to conduct discovery to attempt to identify these defendants. Doc. 56 at 6; Doc. 64 at 1–2. Scott's motion for a Rule 16 Scheduling Order, Doc. 56, is granted in part to the extent that a Rule 16 Scheduling Order will enter.

The Court's Rule 16 Scheduling Order will set a deadline for filing dispositive motions. This Court typically does not schedule a case for trial or set any pretrial deadlines, including scheduling a pretrial conference, until the Court has ruled on all dispositive motions. Scott's motion for a pretrial conference, Doc. 64, is denied without prejudice.

## II.    Motion to Correct Caption and for Assistance with Service (Doc. 58)

Scott moves to correct the caption for two declarations he asserts that he inadvertently filed in another pending case, Scott v. Carpenter, 4:23-CV-04020-RAL, instead of this case. Doc. 58 at 1, 3. Scott states that he mistakenly wrote the wrong civil number on a declaration from Nathan DeWall and a declaration from Aaron Barb. Id. Scott filed a similar motion in his other pending case, Scott v. Carpenter, 4:23-CV-04020-RAL, Doc. 94. This Court denied Scott's similar motion as moot because Scott had not filed a declaration from DeWall or Barb. Scott v. Carpenter, 4:23-CV-04020-RAL, Doc. 99 at 3. For the same reason, Scott's pending motion to correct caption, Doc. 58 at 1, 3, is denied as moot.

Scott also moves for assistance in serving Nurse Alexis, Nurse Sarah, Directly Responsible Clinician, Linda of Aramark, Chef Tanya of Aramark, and Representatives of Aramark. Id. at 2–5. Scott previously moved for assistance in serving these defendants, Docs. 29, 40, 50. This Court denied Scott's motion for assistance in serving these defendants. Doc. 52 at 4–5. Scott's renewed motion for assistance sets forth the same facts and arguments on which his previous motion was

3

based. Scott outlines no additional facts or arguments that persuade this Court to reconsider its previous order. Thus, Scott's renewed motion for assistance with service, Doc. 58 at 2–5, is denied for the same reasons the Court denied his previous motion for assistance with service. <u>See</u> Doc. 52 at 4–5.

### III.    Motion to Amend Caption (Doc. 62) and Motion for Assistance with Service (Doc. 63)

Scott's amended complaint identifies "Nurse Alexis" as a defendant. Doc. 20 at 1, 7. Nurse Alexis has not been served because the Department of Corrections is not aware of who "Nurse Alexis" is. Doc. 48 at 4–6. This Court previously denied without prejudice Scott's motion for assistance with serving Nurse Alexis and indicated that Scott may renew his motion when he fully identifies Nurse Alexis. Doc. 52 at 4. Scott moves to amend the caption to fully identify "Nurse Alexis" as Alexis Hiller. Doc. 62. Scott's motion to amend the caption, Doc. 62, is granted.

Scott also renews his motion for assistance with serving Hiller, Doc. 63, which is granted in part and denied in part. The Clerk of Court is directed to send a blank summons form and Marshal Service Form (USM-285 form) to Scott so that Scott may complete the form to cause the amended complaint to be served upon Hiller. Scott shall complete and send to the Clerk of Court the summons and USM-285 form for Hiller. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. This Court orders counsel who has appeared on behalf of the served defendants to provide the last known address for Hiller to the USMS for service by **December 19, 2024**. The USMS shall serve the summons, together with a copy of the amended complaint, Doc. 20, this Court's screening order, Doc. 27, and this order upon Hiller, using the address provided by defendants' counsel. The Clerk of Court is directed to redact Hiller's address from the return of service before it is filed and to provide a redacted copy to Scott. Hiller's address should not appear in any publicly available document or be provided to Scott.

4

IV.    **Supplements to the Complaint (Docs. 56, 62)**

A.    **Legal Standard**

Scott's pending motions include "supplements" in support of the complaint. <u>See</u> Doc. 56;

Doc. 62 at 1–2.    Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent

additions to or continuations of the earlier pleadings."  6A Charles A. Wright et al., FEDERAL

PRACTICE AND PROCEDURE § 1504 (3d ed.); <u>see also</u> <u>United States v. Vorachek</u>, 563 F.2d 884, 886

(8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters

subsequently occurring but pertaining to the original cause" (internal quotation omitted)).

Supplemental pleadings require leave of court under Rule 15(d).  Wright et al., § 1504.  "[B]oth a

motion of a party, and leave of court are required as a prerequisite to the service and filing of

supplemental pleadings."  3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.30 (3d

ed.).  Whether to grant leave to file a supplemental pleading is left to the sound discretion of the

trial court, and such decision will not be disturbed on appeal absent an abuse of discretion.  <u>Minn.

Mining & Mfg. Co. v. Superior Insulating Tape Co.</u>, 284 F.2d 478, 481 (8th Cir. 1960).  The

standard used by a district court in deciding whether to grant leave to file a supplemental complaint

is the same standard that applies when deciding whether to grant leave to file an amended

complaint.  <u>Glatt v. Chicago Park Dist.</u>, 87 F.3d 190, 194 (7th Cir. 1996).

**B.      Request to Supplement with the Motion for Scheduling Order (Doc. 56)**

Scott's Motion for a Rule 16 Scheduling Order, Doc. 56, includes a "supplement in support

of the complaint." Id. at 1. Initially, the Court notes that Scott's pleading is procedurally deficient.

Rule 15(d) requires that Scott file a motion and obtain leave of court before serving and filing a

supplemental pleading. Scott has done neither. Although Scott is not represented by counsel, he

nevertheless must comply with the Federal Rules of Civil Procedure. Bennett v. Dr Pepper/Seven

Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).

However, in this case, the Court will liberally construe Scott's pleading as a motion for

leave to serve and file a supplemental complaint. Scott's allegations in this action arise out of his

incarceration at the SDSP. See generally Docs. 1, 20, 1-1, 1-2, 5, 6, 7, 11, 13, 14, 15, 18, 18-1,

19, 19-1, 21, 21-1, 22, 22-1, 23, 23-1, 24, 24-1, 25, and 26. In his "supplement," Scott complains

about his conditions of confinement at Mike Durfee State Prison (MDSP) from May 31, 2024, to

June 13, 2024. Doc. 56 at 1–5. Scott's motion for leave to file a supplemental complaint in this

action challenging his conditions of confinement at a different facility is denied. See Thorp v.

Dist. of Columbia, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental

complaint containing allegations unrelated to the original complaint and implicating new

defendants and noting that granting leave would have unreasonably delayed resolution on the

merits and caused additional expense to the current defendants); Singleton v. Hoester, 505 F. Supp.

54, 57–58 (E.D. Mo. 1980) (denying motion to file supplemental complaint that relates only

indirectly to the original complaint, arises out of an unrelated set of facts, and relates to a new

defendant not named in the original complaint). If Scott wishes to challenge his conditions of

confinement at MDSP from May 31, 2024, to June 13, 2024, he must file a separate lawsuit.

Scott's "supplement in support of the complaint" alleges that one of the named defendants, Ellis, a unit manager at the SDSP retaliated against Scott on June 14, 2024, when Scott returned to the SDSP. Doc. 56 at 5. Scott's supplement does not seek any specific relief from Ellis related to the alleged June 14, 2024 incident and does not identify whether he is seeking to assert this claim against Ellis in his individual or official capacity. Scott's amended complaint does not allege that Ellis is liable for retaliation, and other than Scott's Fourteenth Amendment Equal Protection claim against Ellis, only Scott's claims against Ellis in his official capacity for injunctive relief survived § 1915A screening. Thus, Scott's motion for leave to file a supplement complaint against Ellis asserting additional claims beyond the claims that survived § 1915A screening is denied.

## C.    Request to Supplement regarding August of 2024 Assault (Doc. 62)

Scott has filed a declaration and supplement to the complaint alleging that other prisoners beat him on August 5 and August 8, 2024. Doc. 62 at 1. According to Scott, defendants Rohwer and Ekeren "set up" these assaults. Id. Again, Scott's pleading is procedurally deficient, but this Court will liberally construe Scott's pleading as a motion for leave to serve and file a supplemental complaint. Scott's First Amendment retaliation claims against Rohwer and Ekeren in their official capacities for injunctive relief survived § 1915A screening. Doc. 27 at 61. Thus, to the extent that Scott seeks leave of Court to file and serve a supplemental complaint alleging additional facts in support of his First Amendment retaliation claims against Rohwer and Ekeren in their official capacities for injunctive relief, his motion is granted. Otherwise, his motion for leave of Court to file a supplemental complaint is denied.[1] See Bradford v. Ogbuehi, 2021 WL 2188130, at *4 (E.D.

---

[1] This Court recognizes that Scott's First Amendment retaliation claim against Ekeren in his individual capacity for money damages survived § 1915A screening. Doc. 27 at 61. But in his "supplement to the complaint," Scott does not state whether he brings the additional allegations against Ekeren and Rohwer in their individual or official capacities, and he does not seek any relief against either of these defendants. Doc. 62. In the absence of specific allegations against a

Cal. May 28, 2021) (denying prisoner's motion to supplement, finding "judicial economy will not be served by allowing supplementation here. Rather, these unrelated claims against new and different defendants belong in a different lawsuit.").

Scott also contends that he is not allowed to have access to Westlaw or access to the court to engage in advanced litigation. Doc. 62 at 2. This issue is now moot. Scott v. Carpenter, 4:23-CV-04020-RAL, Doc. 107 at 3–4. Further, Scott has not alleged that any actual injury resulting from the alleged denial of access to the courts. Doc. 62 at 2; see also Lewis v. Casey, 518 U.S. 343, 349 (1996) (holding that to state a viable claim for violation of his First Amendment right to access the courts an inmate must allege he suffered an actual injury as a result of the defendant's conduct). For these reasons, to the extent Scott seeks to supplement his complaint to allege an access-to-the-courts claim, his motion is denied.

## V.      Rule 25(d) Substitution

Scott brings claims against Teresa Bittinger, the Warden of the SDSP, in her individual capacity for money damages and in her official capacity for injunctive relief that survived § 1915A screening. Doc. 27 at 61–63. Bittinger is no longer the Warden of the SDSP. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Amber Pirraglia, the acting Warden at the SDSP, is automatically submitted for Bittinger on the official capacity claims. See id. Bittinger remains a defendant in her individual capacity only.

---

defendant in his or her individual capacity, along with a request for money damages, this Court is not inclined to liberally construe an otherwise procedurally deficient pleading to assert an individual capacity claim for money damages.

## VI.    Conclusion

For these reasons discussed above, it is

ORDERED that Scott's motion for a Rule 16 Scheduling Order, Doc. 56, is granted in part to the extent that a Rule 16 Scheduling Order will enter. It is further

ORDERED that Scott's motion to correct caption, Doc. 58, is denied as moot. It is further

ORDERED that Scott's renewed motion for assistance with service, Doc. 58, is denied. It is further

ORDERED that Scott's motion to amend the caption, Doc. 62, is granted. The caption is amended to fully identify "Nurse Alexis" as Alexis Hiller. It is further

ORDERED that Scott's motion for assistance with serving Hiller, Doc. 63, is granted in part and denied in part. It is further

ORDERED that counsel who has appeared on behalf of the served defendants shall provide the last known address for Hiller to the USMS for service by **December 19, 2024**. Hiller's address should not appear in any publicly available document or be provided to Scott. It is further

ORDERED that the Clerk of Court shall send a blank summons form and Marshal USM-285 form to Scott so that Scott may complete the forms to cause the amended complaint to be served upon Hiller. It is further

ORDERED that Scott shall complete and send to the Clerk of Court the summons and USM-285 form for Hiller. It is **not** necessary for Scott to include Hiller's address or an address at which she is to be served when he completes the summons and USM-285 form for Hiller. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. It is further

ORDERED that the USMS shall serve the summons, together with a copy of the amended complaint, Doc. 20, this Court's screening order, Doc. 27; and this order upon Hiller, using the address provided by defendants' counsel. The Clerk of Court is directed to redact Hiller's address from the return of service before it is filed and to provide a redacted copy to Scott. It is further

ORDERED that Hiller will serve and file an answer or responsive pleading on or before 21 days following the date of service. It is further

ORDERED that Scott's motion for leave to file a supplemental complaint challenging his conditions of confinement at MDSP from May 31, 2024, to June 13, 2024, Doc. 56 at 1–5, is denied. Scott's motion for leave to file a supplement complaint against Ellis asserting additional claims beyond the claims that survived § 1915A screening, Doc. 56-1 at 5, is also denied. It is further

ORDERED that Scott's motion for leave to file a supplemental complaint, Doc. 62, is granted in part and denied in part. To the extent that Scott seeks leave of Court to file and serve a supplemental complaint alleging additional facts in support of his First Amendment retaliation claims against Rohwer and Ekeren in their official capacities for injunctive relief, his motion is granted. Otherwise, his motion for leave to file a supplemental complaint is denied. In accordance with Federal Rule of Civil Procedure 15(d), Rohwer and Ekeren may, but are not required to respond to Scott's supplemental complaint. If they choose to respond, their response must be filed and served no later than 14 days after entry of this Order. It is further

ORDERED that Scott's motion for a pretrial conference, Doc. 64, is denied without prejudice. It is finally

ORDERED that Amber Pirraglia, in her official capacity, is substituted pursuant to Fed. R. Civ. P. 25(d), for Teresa Bittinger, on the official capacity claims. Bittinger remains a defendant in her individual capacity only.

DATED December 4ᵗʰ, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

11