UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT, | 4:23-CV-04115-RAL |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND GRANTING SCOTT'S UNOPPOSED MOTION TO EXTEND |
| DR. AARON HAYNES, Chief Medical Official; KAYLA TINKER, Medical Trainer/Supervisor; KELLIE WASKO, Secretary of the Dept. of Corrections; SGT MOORE, Officer In Charge; OFFICER HALEY, Corrections Officer; OFFICER ELEHRS, Corrections Officer; OFFICER VAN BLAIR COM, Corrections Officer; OFFICER KEROESKA, Corrections Officer, a/k/a Kocourek; CHIEF WARDEN TERESA BITTINGER, Chief Warden; UNIT COORDINATOR ROBINSON, Unit Coordinator; UNIT COORDINATOR PECHOUS; HEALTH SERVICE STAFF MEMBER ALEXIS; MELISSA MATURAN, ADA Coordinator/Corrections Specialist; ASSOCIATE WARDEN JOHNSTON, Associate Warden of the State of South Dakota Department of Corrections; SGT. ROWER, Correctional Officer of the State of South Dakota Department of Corrections; UNIT MANAGER EKEREN, Unit Manager of the South Dakota Department of Corrections; UNIT MANAGER ELLIS, Unit Manager of the South Dakota Department of Corrections; UNIT MANAGER HANSON, Unit Manager of the South Dakota Department of Corrections; JEANNIE BERTSCH, Prison Official of the South Dakota Department of Corrections; UNIT COORDINATOR MAYER, Unit Coordinator at the Department of Corrections; RYAN, Medical Supervisor/Leadership; JOHN DOE/JANE DOE, Health Service Staff Directly Responsible at the South Dakota Department of Corrections; | |

and JOHN DOE, Aramark Food Service
Company Chief Supervisors,

                Defendants.

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary (SDSP), filed this civil rights action under 42 U.S.C. § 1983. Doc. 1. Defendants' move to strike Scott's expert disclosure as untimely. Doc. 114.

## I.    Procedural Background

When Scott commenced this action, he was not represented by counsel. Doc. 1. Scott filed a *pro se* motion requesting that this Court issue a Rule 16 Scheduling Order. Doc. 56. This Court granted Scott's motion and issued a Rule 16 Scheduling Order. Doc. 66. The Rule 16 Scheduling Order did not include a specific deadline for identifying and disclosing expert witnesses. See generally id. Shortly before the expiration of the discovery deadline, Scott retained counsel. Scott's counsel and defendants' counsel filed a joint motion to stay discovery and all deadlines for 90 days to permit Scott's newly retained counsel to review the discovery that has already been produced and to conduct additional discovery. Doc. 78. This Court granted in part the parties' joint motion to stay. Doc. 79. Rather than staying the proceedings, this Court entered an Amended Rule 16 Scheduling Order and extended the discovery deadline and the motion deadline by 90 days to permit Scott's newly retained counsel to familiarize himself with this case. Id. The Amended Rule 16 Scheduling Order did not include a specific deadline for identifying and disclosing expert witnesses. Id.

Scott, through his counsel, moved for a second amendment of the Rule 16 Scheduling Order to extend the discovery deadline and the motion deadline by an additional 90 days. Doc. 85. According to Scott, there was good cause to amend again the Rule 16 Scheduling Order

because defendants had produced nearly 17,500 pages of documents and Scott's conditions of confinement require advance planning when Scott's counsel seeks to meet with him to discuss further discovery. Id. Defendants opposed Scott's motion to extend the discovery deadline and the motion deadline. Doc. 86. Because of the number of defendants, the voluminous documents defendants had produced, and the fact that Scott's ability to communicate with his counsel is somewhat limited by his conditions of confinement, this Court concluded that there was good cause to amend the Rule 16 Scheduling Order to extend again the discovery deadline and the motion deadline. Doc. 90 at 4. The Court granted in part and denied in part Scott's motion to extend and extended the discovery deadline and the motion deadline by 45 days. Id.

On August 29, 2025, defendants filed a motion for judgment on the pleadings. Doc. 92. Because their motion for judgment on the pleadings was pending, defendants moved to extend the dispositive motion deadline until March 31, 2026. Docs. 107, 108. Scott did not oppose defendants' motion to extend, Doc. 111, and this Court entered an order extending the motion deadline until March 31, 2026, Doc. 112. When the Court denied defendants' motion for judgment on the pleadings, the Court sua sponte extended the dispositive motion deadline until April 24, 2026. Doc. 118 at 15. Defendants filed a motion for summary judgment. Doc. 122. Scott moves to extend his time to respond to defendants' motion for summary judgment until May 22, 2026. Doc. 126. Defendants do not oppose Scott's motion to extend. Id.

On March 18, 2026, defendants filed a motion to strike Scott's expert disclosure as untimely. Doc. 114. Scott opposes defendants' motion to strike. Doc. 119.

II.    **Discussion and Analysis**

Scott served Plaintiff's Disclosure of Expert Testimony via electronic mail on February 23, 2026. Doc. 117-1. Scott disclosed a correctional professional, Patrick Hurley. Id. The content

3

of Scott's expert disclosure conforms with Fed. R. Civ. P. 26(a)(2)(B). Defendants contend that Scott's expert disclosure was not timely because it was served approximately four and a half months after the expiration of the discovery deadline[1] and shortly before the motion deadline. Doc. 116 at 2. Scott contends that his expert disclosure was timely under Federal Rule of Civil Procedure 26(a)(2)(D)(i). Doc. 119 at 2–3. This rule provides that "[a]bsent a stipulation or a court order, the [expert] disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26(a)(2)(D)(i). The scheduling orders in this case did not include an expert disclosure deadline. See Docs. 66, 79, 90. In this case, when the Court issued the scheduling order, Scott was not represented by counsel. Thus, the case, at the time, was exempt from the requirements of Rule 26(f), and the Court did not order the parties to confer to discuss a discovery plan and proposed deadlines, including deadlines for expert disclosures.[2] See Fed. R. Civ. P. 26(f)(1), D.S.D. Civ. LR 26.2; D.S.D. Civ. LR 16.1.

Because this Court did enter an order setting a deadline for expert disclosures and the record does not indicate that the parties entered into a stipulation regarding the timing of expert disclosures, the "default" deadline set forth in Rule 26(a)(2)(C)(i) applies, and there is no basis to strike Scott's expert disclosure as untimely under Federal Rule of Civil Procedure 37(c)(1). However, the Court disagrees that timing of Scott's expert disclosure did not prejudice defendants. See Doc. 119 at 4–5 (arguing that defendants are not prejudiced or harmed by Scott's expert disclosure). To minimize any potential harm or prejudice to defendants, the Court will permit

---

[1] By Order dated August 18, 2025, this Court extended the discovery deadline to October 3, 2025. Doc. 90.

[2] Typically, when the parties submit a discovery report stating that the parties contemplate expert witnesses and depositions of expert witnesses, the Court's scheduling order includes a deadline for disclosing expert witnesses and the information required by Rule 26(a)(2)(B) sufficiently in advance of the discovery deadline to allow for expert depositions.

4

defendants to depose Hurley and extend defendants' time to submit a reply brief in support of their motion for summary judgment to permit defendants an opportunity to rely on Hurley's deposition testimony in support of their motion for summary judgment.

Finally, defendants' brief in support of their motion to strike seems to challenge the substance of at least some of Hurley's opinions. See Doc. 116 at 2–3, 8–10. This Court denies defendants' motion to strike Scott's expert disclosure as untimely. Whether some or all of Hurley's opinions may ultimately be admissible is better left for consideration when ruling on motions in limine, any Daubert motions, or objections during trial.

### III.    Conclusion

For these reasons, it is

ORDERED that defendants' motion to strike Scott's expert disclosure as untimely, Doc. 114, is denied. It is further

ORDERED that Scott's unopposed motion to extend the deadline for responding to defendants' motion for summary judgment, Doc. 126, is granted. Scott must respond to defendants' motion for summary judgment on or before **May 22, 2026**. It is further

ORDERED that defendants, if they so choose, may depose Scott's expert, Patrick Hurley. Hurley's deposition must be completed within 90 days of the date of this order. It is finally

ORDERED that if defendants choose to depose Scott's expert, the deadline for defendants to file a reply brief in support of their motion for summary judgment is extended until 30 days after the completion of Hurley's deposition. If defendants choose not to depose Scott's expert, defendants' reply brief in support of their motion for summary judgment must be filed on or before

June 5, 2026.

DATED this 6ᵗʰ day of May, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

6